UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| TRACY GEBEL, et al., | ) |   |
|---|---|---|
|   | ) |   |
| Plaintiffs, | ) |   |
|   | ) |   |
| v. | ) | No. 4:19CV820 RLW |
|   | ) |   |
| ETHICON, INC., et al., | ) |   |
|   | ) |   |
| Defendants. | ) |   |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants Ethicon, Inc. and Johnson & Johnson's Motion to Dismiss Non-Missouri Plaintiffs' Petition for Lack of Personal Jurisdiction (ECF No. 5) and Plaintiffs' Motion for Remand (ECF No. 12). After careful consideration, the Court grants the motion to dismiss as it relates to the non-Missouri plaintiffs and denies the motion to remand.

## BACKGROUND[1]

Plaintiffs[2] originally filed this personal injury case in the Circuit Court of the City of St. Louis, Missouri, against Defendants Ethicon, Inc., Ethicon Women's Health and Urology, a division of Ethicon, Inc., Gynecare, Inc., Johnson & Johnson, and John Does 1-20 (referred to collectively as "Defendants"). Of the ninety-seven named plaintiffs, eleven are citizens of

---

[1] In deciding a motion to dismiss under Rule 12(b)(6), a court assumes all facts in the complaint to be true and construes all reasonable inferences most favorably to the complainant. *U.S. ex rel. Raynor v. Nat'l Rural Utilities Co-op. Fin., Corp.*, 690 F.3d 951, 955 (8th Cir. 2012); *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008).
[2] Unless otherwise indicated, "Plaintiffs" collectively refers to all named plaintiffs in this case.

Missouri[3] and the remaining eighty-six (referred to as "non-Missouri Plaintiffs")[4] are citizens of Alabama, Arkansas, Colorado, Idaho, Iowa, Minnesota, Mississippi, Montana, Nebraska, New Jersey, New Mexico, North Dakota, Oklahoma, Oregon, Rhode Island, South Carolina, South Dakota, Utah, Washington, Wisconsin, and Wyoming. Plaintiffs assert eight causes of action against Defendants: (1) strict liability - failure to warn; (2) strict liability - marketing defect; (3) strict liability - design defect; (4) negligence; (5) breach of implied warranty; (6) breach of express warranty; (7) negligent misrepresentation; and (8) fraud by concealment. Specifically, each plaintiff alleges to have experienced "severe complications related to the implant, including but not limited to extreme pain, discomfort, urinary problems and dyspareunia" caused by the implantation of the same or similar pelvic mesh devices that were "manufactured, marketed, advertised and promoted by Defendants." (Pet. ¶¶ 1-97, ECF No. 7)

Defendants removed the case to federal court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. That same date, Defendants moved to dismiss the claims of the non-Missouri Plaintiffs for

---

[3] The Missouri Plaintiffs are Tracy Gebel, Josephine Bowerman, Shirley Chiles, Vicky Collins, Beverly Crowe, Debra Douglas, Patricia Raffone, Gina Smith, Valeria Stringer, Mary Suire, and Linda Taylor.
[4] The non-Missouri Plaintiffs are Emily Marie Arpad, Shalene Arriola, Patsy Beavers, Nancy Brand, Kelly Braton, Vanessa Brown, Judith Buck, Shirley Burnham Clore, Drenda Carlson, Carolyn Carnell, Darlene Cook, Ona Covington, Doris Cox, Joyce Cox, Faith Crimm, Carol Davis, Crystal Delancy, Jean Edwards, Regenea Esquivel, Penny Estes, Kathy Ford, Melissa Fortin Pierce, Jane Frederick, Teresa Garza, Johnette Gatzemeyer, Lynda Gibson, Barbara Gilbert, Suzanne Graves, Tina Griffith, Brandi Hall, Bobbi Hamm, Anna Heidelberg, Joan Heltion, Davida Hill, Pamela Hindes, Nancy Hinojos, Debra Hulett, Barbara Hunter, Dorothy Jackson, Karen Johnson, Holly Kunsky, Janice Kuykendall, Carolyn Lamb, Sally Lang, Charlotte Lankford, Shelia Lewis, Beverly Maley, Felicia Martin, Kimberly Martin, Teresa Mason, Lisa Mcconaghy, Connie Mcintyre, Lesa Miller, Rhonda Mizelle, Tina Morrison, Phyllis Nielsen, Venita Ninemire, Jillian Ouellette, Barbara Peralta, Paula Pierce Johnson, Alice Pollman, Sharon Price, Barbara Pritchard, Alaine Ravin, Sharon Ray, Stephanie Reed, Jo Reynolds, Candice Ridge, Sondra Robbins, Mary Scholz, Jackie Shaffer, Melissa Smith, Patricia Smith, Gloria Tate, Brenda Thompson, Annette Thornton, Laurie Torres, Annette Townsend, Debra Vieth, Theresa Warburton, Janice Whaley, Merlentene Whitehurst, Montez Wolfe, Cynthia Worthen, Joanne Yates, and Linda Young.

lack of personal jurisdiction. (ECF No. 5) Plaintiffs then moved to remand the case to state court, arguing there is a lack of complete diversity and Defendants' removal was untimely. (ECF No. 12) Both motions are fully briefed and ready for disposition.

## **LEGAL STANDARD**

To survive a motion to dismiss for lack of personal jurisdiction under Federal Rules of Civil Procedure 12(b)(2), "a plaintiff must make a prima facie showing of personal jurisdiction by pleading facts sufficient to support 'a reasonable inference that the defendant[] can be subjected to jurisdiction within the state.'" *Valez v. Portfolio Recovery Assocs.*, 881 F. Supp. 2d 1075, 1080 (E.D. Mo. 2012) (quoting *K-V Pharm. Co. v. J. Uriach & CIA, S.A.*, 648 F.3d 588, 591-92 (8th Cir. 2011) (internal quotation and citations omitted)). Where "the district court does not hold a hearing and instead relies on pleadings and affidavits, . . . the court must look at the facts in the light most favorable to the nonmoving party, and resolve all factual conflicts in favor of that party." *Pangaea, Inc. v. Flying Burrito LLC*, 647 F.3d 741, 745 (8th Cir. 2011) (quoting *Dakota Indus., Inc. v. Dakota Sportswear, Inc.*, 946 F.2d 1384, 1387 (8th Cir. 1991)). The party seeking to establish personal jurisdiction carries the burden of proof, and that burden does not shift to the party that challenges jurisdiction. *Fastpath, Inc. v. Arbela Techs. Corp.*, 760 F.3d 816, 820 (8th Cir. 2014) (citation omitted).

"Personal jurisdiction can be specific or general." *Via systems, Inc. v. EBM-Papst St. Georgen GmbH & Co., KG*, 646 F.3d 589, 593 (8th Cir. 2011). Under the general jurisdiction theory, "a court may hear a lawsuit against a defendant who has 'continuous and systematic' contacts with the forum state, even if the injuries at issue in the lawsuit did not arise out of the defendant's activities directed at the forum." *Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1073 (8th Cir. 2004) (citation omitted). However, a corporation that simply operates in many

places cannot be deemed at home in all those places for purposes of general jurisdiction. *Daimler AG v. Baumann*, 571 U.S. 117, 139 (2014).

Specific jurisdiction, on the other hand, requires the suit to arise out of or relate to the defendant's contacts with the forum state. *Bristol-Myers Squibb Co. v. Superior Court of Cal., San Francisco Cty.*, 137 S. Ct. 1773, 1780, (2017) (citing *Daimler*, 571 U.S. at 127). "Specific personal jurisdiction can be exercised by a federal court in a diversity suit only if authorized by the forum state's long-arm statute and permitted by the Due Process Clause of the Fourteenth Amendment." *Fastpath, Inc.*, 760 F.3d at 820 (quoting *Dairy Farmers of Am., Inc. v. Bassett & Walker Int'l, Inc.*, 702 F.3d 472, 475 (8th Cir. 2012)). "Missouri has construed its long-arm statute to confer jurisdiction to the fullest extent permitted by the United States Constitution." *Helenthal v. Polk*, No. 4:08-CV-1791 CEJ, 2010 WL 546313, at *1 (E.D. Mo. Feb. 9, 2010). "Due process requires that there be minimum contacts between the nonresident defendant and the forum state such that the assertion of personal jurisdiction is consistent with traditional notions of fair play and substantial justice." *Wells Dairy, Inc. v. Food Movers Int'l, Inc.*, 607 F.3d 515, 518 (8th Cir. 2010) (citing *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291-92 (1980); *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). "Sufficient contacts exist when the defendant's conduct and connection with the forum state are such that [it] should reasonably anticipate being haled into court there." *Id.* (quoting *Bell Paper Box, Inc. v. U.S. Kids, Inc.*, 22 F.3d 816, 818 (8th Cir. 1994)). A defendant reasonably anticipates being haled into the forum state's court where the defendant performs some act by which it "purposefully avails itself of the privilege of conducting activities within the forum [s]tate, thus invoking the benefits and protections of its laws." *Id.* (quoting *Bell Paper Box*, 22 F.3d at 818-19).

# DISCUSSION

## I. Jurisdiction

Defendants argue the Court lacks either general or specific personal jurisdiction over the non-Missouri Plaintiffs. Plaintiffs respond that the Court should decide the issue of subject matter jurisdiction and remand the case before reaching Defendants' arguments concerning personal jurisdiction.

"A court faced with more than one jurisdictional issue may decide these jurisdictional questions in any order." *In re AFY*, 734 F.3d 810, 816 (8th Cir. 2013) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 100 n.3 (1998)). While a court without subject matter jurisdiction may not dismiss a case on the merits, "certain threshold issues, such as personal jurisdiction, may be taken up without a finding of subject-matter jurisdiction, provided that the threshold issue is simple when compared with the issue of subject-matter jurisdiction." *Crawford v. F. Hoffman-La Roche Ltd.*, 267 F.3d 760, 764 (8th Cir. 2001). Here, the Court exercises its discretion and considers the issue of personal jurisdiction first. *See Moore v. Bayer Corp.*, No. 4:18 CV 262 CDP, 2018 WL 4144795, at *2 (E.D. Mo. Aug. 29, 2018) (collecting cases and noting, after *Bristol-Myers Squibb*, "judges in [the Eastern District of Missouri] have generally held that the issue of personal jurisdiction is more straightforward than subject-matter jurisdiction").

After the Motion to Dismiss had been fully briefed, Defendants sought and were granted leave to file a notice of supplemental authority to inform the Court about a recent opinion from another judge in this district: *Timpone v. Ethicon*, No. 4:19CV821 RWS, 2019 WL 2525780 (E.D. Mo. June 19, 2019). The facts in *Timpone* are nearly identical to the facts here: both cases concern the same eight causes of action against the same defendants and alleging the same

injuries caused by the same or similar pelvic mesh devices.[5] *Id.* at *2. Of the ninety-nine plaintiffs in *Timpone*, only three resided in Missouri while the other ninety-six resided in other states. *Id.* at *1. The court in *Timpone* found that the non-Missouri plaintiffs did not allege their injuries or any action related to the manufacturing, marketing, advertising, and promotion of the mesh devices occurred in Missouri. *Id.* at *2 (citing *Bristol-Myers Squibb*, 137 S. Ct. at 1781 (noting that "the nonresidents were not prescribed Plavix in [the forum state,] California, did not purchase Plavix in California, did not ingest Plavix in California, and were not injured by Plavix in California")). The court in *Timpone* found that, "[v]iewed in the light most favorable to Plaintiffs, these facts do not establish that non-Missouri residents' injuries arose out of any defendant's contacts with Missouri." *Id.* Accordingly, the court in *Timpone* dismissed the non-Missouri plaintiffs. *Id.*

Plaintiffs have not attempted to distinguish this case from *Timpone*, and the Court sees no reason to do so. In light of *Bristol-Myers Squibb*, it is clear that "a defendant's unconnected activities in the State" cannot establish specific jurisdiction. 137 S. Ct. at 1781. Here, as in *Timpone*, the non-Missouri Plaintiffs have failed to allege any facts connecting the failure of the medical device to Defendants' contacts with Missouri. "The mere fact that other plaintiffs were [implanted with the same devices in Missouri]—and allegedly sustained the same injuries as did the nonresidents—does not allow the State to assert specific jurisdiction over the nonresidents' claims." *See Bristol-Myers Squibb*, 137 S. Ct. at 1781. Consquently, the Court lacks personal jurisdiction over the non-Missouri Plaintiffs and grants Defendants' Motion to Dismiss.

---

[5] The Court also notes this case and *Timpone* were filed on the same date in the Circuit Court of the City of St. Louis, Missouri. Additionally, the parties here and in *Timpone* are represented by the same counsel.

## II. Timeliness of removal

As explained above, the Court lacks personal jurisdiction over the non-Missouri Plaintiffs and dismisses them from this case. The remaining Missouri Plaintiffs are diverse from all defendants.[6] *See* 28 U.S.C. § 1332.

Plaintiffs argue that, even if parties are diverse from each other, the Court should remand this case because Defendants' removal was untimely. *See* 28 U.S.C. § 1446(b) (requiring a notice of removal be filed "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading"). Defendants removed this case on April 3, 2019. (ECF No. 1) Plaintiffs allege, without evidence, that Defendants were served on February 28, 2019. Along with their Memorandum of Law in Opposition to Plaintiffs' Motion to Remand, Defendants submitted a sworn declaration signed by a paralegal declaring that they were served on March 7, 2019. (ECF No. 16-1 at 8) Defendants also submitted envelopes from Plaintiffs' counsel's law firm postmarked on March 6, 2019. (*Id.* at 5) According to Defendants' submissions, their removal on April 3, 2019 was timely.[7] Plaintiffs' Motion to Remand is denied.

Accordingly,

---

[6] Defendants Ethicon, Inc. and Johnson & Johnson are both incorporated in and maintain their principle places of business in New Jersey, and Defendant Gynecare, Inc. is incorporated in and maintains its principle place of business in California. (Pet. ¶¶ 101-103, ECF No. 7) As filed, the only non-diverse plaintiff named in the Petition was Annette Thornton of New Jersey. (*Id.* ¶ 97) Now that Ms. Thornton is dismissed from this case along with the other non-Missouri Plaintiffs, there is complete diversity between the remaining parties. *See* 28 U.S.C. § 1332.

[7] This exact issue was also raised and rejected in *Timpone*. 2019 WL 2525780, at *3.

**IT IS HEREBY ORDERED** that Defendants Ethicon, Inc. and Johnson & Johnson's Motion to Dismiss Non-Missouri Plaintiffs' Petition for Lack of Personal Jurisdiction (ECF No. 5) is **GRANTED**. A separate Order of Partial Dismissal accompanies this Memorandum and Order.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Remand (ECF No. 12) is **DENIED**.

Defendants are reminded of their obligation to answer or otherwise respond to the Petition (ECF No. 7) within the time set by the rules.

Dated this 24th day of February, 2020.

RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE